OPINION
On July 26, 1999, Village of Loudonville Police Officers Andrew Kuscsik and Shane VanDyke observed a motor vehicle with an obstructed license plate. The officers stopped the vehicle. Operator of the vehicle was appellant, Aaron Smail. Upon investigation, the officers cited appellant for operating a motor vehicle while under the influence in violation of R.C.4511.19(A)(1). On August 23, 1999, appellant filed a motion to suppress claiming the officers had no reasonable suspicion of criminal activity. A hearing was held on same date. By judgment entry filed September 7, 1999, the trial court denied said motion. On October 27, 1999, appellant pled no contest. By judgment order filed same date, the trial court sentenced appellant to thirty days in jail with twenty days suspended. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE APPELLANT IN FINDING THAT THE APPELLANT'S LICENSE PLATE WAS IN VIOLATION OF O.R.C. § 4503.21 AND FAILING TO ORDER THE SUPPRESSION OF EVIDENCE OF TRAFFIC STOP AND SUBSEQUENT DETENTION.
 I
Appellant claims the trial court erred in denying his motion to suppress based upon "plain view" of his license plate and the lack of justification to stop and detain him. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." In Terry v. Ohio (1968),392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980),64 Ohio St.2d 291, paragraph one of the syllabus. Appellant argues the officers were prohibited from detaining him after they had determined the license plate's entire registration. In support, appellant cites the case of State v. Chatton (1984), 11 Ohio St.3d 59,63, wherein the Supreme Court of Ohio held the following: Consequently, where a police officer stops a motor vehicle which displays neither front nor rear license plates, but upon approaching the stopped vehicle observes a temporary tag which is visible through the rear windshield, the driver of the vehicle may not be detained further to determine the validity of his driver's license absent some specific and articulable facts that the detention was reasonable. As a result, any evidence seized upon a subsequent search of the passenger compartment of the vehicle is inadmissible under the Fourth Amendment to the United States Constitution.
We find Chatton is not applicable sub judice because of the particular traffic offense involved. Both officers testified appellant's license plate was obstructed by a ball hitch. T. at 6, 9, 20. The officers were unable to read the middle two numbers. T. at 6, 22. As a result, the officers stopped appellant. T. at 9, 20. Prior to stopping the vehicle, Officer Kuscsik guessed at the two middle numbers and ran the plate. T. at 13. After the stop, the information on the license plate came back and confirmed the officer's "guess" was correct. Id. R.C. 4503.21 governs registration marks, placards, and stickers on motor vehicles and states as follows: No person who is the owner or operator of a motor vehicle shall fail to display in plain view on the front and rear of the motor vehicle the distinctive number and registration mark, including any county identification sticker and any validation sticker issued under sections 4503.19 and 4503.191 of the Revised Code, furnished by the director of public safety, except that a manufacturer of motor vehicles or dealer therein, the holder of an in transit permit, and the owner or operator of a motorcycle, motorized bicycle, manufactured home, mobile home, trailer, or semitrailer shall display on the rear only. A motor vehicle that is issued two license plates shall display the validation sticker only on the rear license plate, except that a commercial tractor that does not receive an apportioned license plate under the international registration plan shall display the validation sticker on the front of the commercial tractor. * * * All license plates shall be securely fastened so as not to swing, and shall not be covered by any material that obstructs their visibility.
Appellant argues the middle two numbers were in "plain view" pursuant to statute because they were discernible from the side of the vehicle. T. at 31-32. At the conclusion of the suppression hearing, the trial court distinguished the Chatton case stating said case involved officers who did not see any license plate and then after the stop observed a temporary license plate in the back window. The reason for the stop vanished. In contrast, the trial court found the following at 47: But we don't have that here. Once a violation, always a violation. Here there was a violation because it was obstructed. I guess we could talk about your argument about all these trailer hitches, I think they do put these trailer hitches on, they do obstruct. But they contemplate having a trailer on which will have its own license plate, and so there wouldn't be a problem.
We concur with the trial court's decision. The evidence established the middle two numbers were obstructed therefore, the license plate was not in plain view. R.C. 4503.99(B) provides for a penalty for violating R.C. 4503.21 (minor misdemeanor). The officers had the continued right to stop and question and cite appellant for violating R.C. 4503.21. Upon review, we find under Terry probable cause existed for the stop. The sole assignment of error is denied.
The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.